IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAR - 2 2006

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Anthony C Kenney
General Delivery PO Box
GB
Tulsa, OK 74103
           Plaintiff,             )
                                  )
vs.                               )
                                  )   CASE NUMBER   1:07CV00293
NKC of America,                   )
1584 East Brooks Rd               )   JUDGE: Unassigned
Memphis Tn 38116.                 )
                                  )   DECK TYPE: Civil Rights (non-employm
                                  )
                                  )   DATE STAMP: 02/08/2007
           Defendant(s).          )

FILED
FEB - 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COMPLAINT

Comes now the Plaintiff, __Anthony Kenney__

and for (his/her) claim against the Defendant(s), __NKC of America__

states and alleges as follows:

1. This action is brought and jurisdiction lies pursuant to 42 U.S.C. §2000e-5. Venue is proper in this District.

2. Plaintiff is a __Black__ (race) __Male__ (sex) who resides at __102 N Denver Tulsa Oklahoma 74103__ (complete address)

1

CV-06 (2/2002)

3. The Defendant _AKC of America_ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _1584 east Brooks road memphis, TN._
(complete address)

(Note: the remainder of this page to be used if there is more than one defendant).

3a. The Defendant _Beth Green 901-3802972_ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _3191 Woodsman Ln Bartlett, TN._

3b. The Defendant _____ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _____.

3c. The Defendant _____ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _____.

3d. The Defendant _____ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _____.

3e. The Defendant _____ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _____.

3f. The Defendant _____ is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at _____.

4. On or about _11-9-05_____, 19___, defendant(s)

(Specify the unlawful employment practices which you are alleging against the defendant(s), such as: refusal to hire, discharge from employment, harassment in employment, etc.)

Took class A welding test passing to it standards, finding the Company would only retrieve and disemploy!

because of (state why defendant(s) discriminated against you, i.e. race, color religion, sex or national origin, etc.) _Race._____

5. Plaintiff timely filed a written complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter, a copy of which is attached. All conditions precedent to the institution of this lawsuit have been fulfilled.

Wherefore, Plaintiff prays for (state what relief is sought) _plaintiff filed Meadeation with eeoc and defendants who still denies. plaintiff proceeds for meadeation._

and such other relief as the Court would allow under Title VII of the Civil Rights Act of 1964.

_Anthony Henry_
(signature)
_Gen Del po Box_
(address)
_Tulsa OK 74103_
(city, state & zip code)
_718-582-7201_
(telephone)

3

CV-06 (2/2002)



DUPLICATE CERTIFICATE

Accredited by The Southern Association of Colleges and Schools Commission on Occupational Education Institutions

Gary Job Corps Center

THIS IS TO CERTIFY THAT

ANTHONY C KENNEY

has satisfactorily completed the COBINATION & PIPE WELDER course (D. O. T. No. 819384010) on this 9TH day of APRIL 19 83. The Student has met the necessary skill performance and general education requirements and is recommended for employment in this occupation and therefore merits this Diploma

Mary Liver, Director of Education and Training

Albert Perkins, Center Director

Hammond & Stephens Co., Fremont, Nebr.

Operated for the U. S. Department of Labor by the Texas Educational Foundation, Inc.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>250-2006-00350 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Anthony C. Kenney | Home Phone No. (Incl Area Code) | Date of Birth<br>06-22-1964 |
|---|---|---|
| Street Address<br>555 South Third, | City, State and ZIP Code<br>Memphis, TN 38101 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>NKC OF AMERICA | No. Employees, Members<br>201 - 500 | Phone No. (Include Area Code)<br>(901) 867-3757 |
|---|---|---|
| Street Address<br>1584 East Brooks Road, | City, State and ZIP Code<br>Memphis, TN 38116 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-09-2005    Latest: 11-09-2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was denied employment by the above named company after I applied for the position of Combination Welder. I was told that I did not pass the "Class A" Welder's test. I had already been a "Class A" certified Welder many years before. I applied for employment on October 29, 2005.

I believe I was discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Nov 14, 2005<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>November 14, 2005  Tyrone Blanks |

# STATEMENT OF FACTS

1. 11-3-401 PREVENTION OF LAWFUL EMPLOYMENT ARK 1943 ACT.
2. 10-4-111 REPORT OF ILLEGAL PRACTICES ACT 1955 4-90-417 DECEPTIVE TRADE PRACTICES AR 1993.
3. APPRENTICESHIP TITLE VII OF 1964 CIVIL RIGHTS ACTS WAGNER ACT OF CASE.
4. 21-4-309 EMPLOYEES REEMPLOYMENT RIGHTS.
5. TORT ACTION TO LEGAL OBLIGATION SUFFERED BY PLAINTIFF 11-10-609 ELIGIBLITY FOR COMPENSATION ARK CODE 1985.
6. ARK CODE 1987 11-4-203 LABOR & INDUSTRIAL RELATIONS 5TH ADMENDMENT CONSTITUTIONAL RIGHTS 14152,EXPLICIT.
7. ARK 1987 LABOR RELATIONS,DEPRIVEING ONES PROPERTY,(NOBLE V. OKLAHOMA CITY 297,US 481(1936).
8. 10-4-111 REPORT OF IMPROPER PRACTICES,ARK 1955 COMMUNTARLY & COERCING FEDERAL LEGISLATION.
9. ANTITRUST LAW EXPRESSION TO THE 14TH ADMENDMENT 109 U.S(1883).
10. TARIFF PROVISION PART 3 OF BILL OF RIGHTS 1,2,3 OF LABOR CONDITIONS.
11. DISEMBARD FROM EMPLOYMENT TITILE VII OF 1964 CIVIL RIGHTS ACT.
12. STATE ACTS HELD UNCONSTITUTIONAL 2039.
13. COMPENSATIONAL CODE 1987,21-22-9-313 ANNUAL DETERMINATION OF WAGES.
14. CRIMINAL POSSESSION OF PROPERTY OF FORGERY 5-37-209 5-42-201.

# DRAFT COMPLAINT

*PLAINTIFF;ANTHONY KENNEY*
*GEN DEL PO BOX TULSA OK 74103*
*V*
*DEFENDANTS;DIRECTOR KEITH EGAN*
*& MILLENNIUM RAIL INC 2601 N. HOOVER*
*RD JUNCTION CITY KANSAS 66441*
*758-7624330*

*NOW COMES PLAINTIFF WHO FILES PUBLIC CAREER AND ORAL ARGUMENTS TO THE CONSTITUTIONALISM MURRAY V. CURLETT ANNOTATED TITLE 21-22 EMPLOYEE HISTORY ACTS.COMPENSALE INJURY 20VALR.2,J265,ADMENDMENT 14.DEFENDANTS MILLENNIUM RAIL INC AND UNION HALL BROTHERHOOD RAILWAY CARMEN INC EMPLOYED PLAINTIFF AS COMBINATION WELDER AND PIPE FITTER TO THEIR COMPANY ALONG WITH CERTIFICATION DIPLOMA.BEING HIRED JAN 18-2006 TIL FEB 20-2006.PLAINTIFF FINDA COMPANY TOTALLY VIOLATES LAWS AND COMPENSATIONAL LAWS 21-3-101 EQUAL EMPLOYMENT! 11-3-401 LAWFUL EMPLOYMENT!10-4-111 IMPROPER ILLEGAL PRACTICES FOR TO ABSOLUTE EXCLUD AGAINST PLAINTIFFS EMPLOYEMENT FALSLY AND SCRUTINGLY TO DISEMPLOYE FROM JOB UNEQUAL UNDOUDTEDLY FOR NO REASONS,PLAINTIFF EVEN CONSULTED THE DIRECTOR MR KEITH EGAN ABOUT HIS TWO SHOP FORMANS WHO OPPOSITION WAS TO UNDOUDTEDLY AND UNFAIRLY TO DISEMPLOYE FOR NO REASON BUT MR KEITH SAYS NOTHING OR EVEN CARES.BEING THAT THE HOLE COMPANY WAS CONDEMNINGLY OBNOXIOUS AND DECEPTIVE.PLAINTIFF STATE CRIMINAL FORGERY AND TITLE 6 1964 CIVIL RIGHTS ACTS WAGNOR ACT TO ONE EMPLOYMENT VIOLATIONS,11-4-608 11-4-607, 11-46-12.POLITICAL BURDEN OF PROOF.PLAINTIFF FILES MONOPOLIES REPULSIVE(1934)ACT.ARTICLE VI DEBTS,ARTICLE IV JUTICES,BEING UNDER SAME PRCEMPTIVE PRACTICES OVER AND OVER AGAIN FOR PERJURY ONES EMPLOYMENT RIGHTS.PLAINTIFF WANTS TO FILE CIVIL RIGHTS COMPLAINTS UNDER 1964 ACT TITLE 11-1-203 LABOR AND INDUSTRIAL*



ERROL V. WILLIAMS, Chairman
  TOPEKA
BETH M. BRADRICK, Ph.D.
  PITTSBURG
DAVID A. HANSON
  TOPEKA
CLYDE HOWARD
  MANHATTAN
LOU ANN THOMS
  TOPEKA
ANTHONY VILLEGAS, SR.
  KANSAS CITY
JEROME WILLIAMS
  WICHITA
TTY (785) 296-0245
FAX (785) 296-0589
800# 1-888-793-6874

# KANSAS

**KANSAS HUMAN RIGHTS COMMISSION**
**LANDON STATE OFFICE BUILDING**
**900 SW JACKSON ST., SUITE 568 SOUTH**
**TOPEKA, KANSAS 66612-1258**
(785) 296-3206
www.khrc.net
**Friday, March 24, 2006**

KATHLEEN SEBELIUS, GOVERNOR
WILLIAM V. MINNER
  EXECUTIVE DIRECTOR
RUTH GLOVER
  ASSISTANT DIRECTOR
BRANDON L. MYERS
  CHIEF LEGAL COUNSEL
JUDY FOWLER
  SENIOR STAFF ATTORNEY
BILL WRIGHT
  TOPEKA INVESTIGATIVE
  ADMINISTRATOR
ORIE KIRKSEY
  TOPEKA INVESTIGATIVE
  ADMINISTRATOR
JANE L. NEAVE
  WICHITA INVESTIGATIVE
  ADMINISTRATOR
RICK FISCHLI
  RACIAL AND OTHER PROFILING
  ADMINISTRATOR
KAREN K. MCDANELD
  OFFICE MANAGER

Anthony Kenney
General Delivery P.O. Box
Tulsa OK 74101

RE:   **Kenney v Millennium Rail Line**

Dear Sir/Madam,

The Kansas Human Rights Commission has been notified that you have filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging a violation of Title VII of the Civil Rights Act of 1964. You may have been notified at the time you filed the complaint with the EEOC that you would also have the opportunity to file the same charges with the Kansas Human Rights Commission (KHRC). Complaints filed with the Kansas Human Rights Commission must be filed within six (6) months of the last date of incident. If you desire to file a complaint with the KHRC, please contact me at (785) 296-3206. Your complaint with the agency will be initiated at that time.

Please note that failure to file a complaint as above set forth with the KHRC may have an adverse effect on your rights to pursue a case in court, if you choose to do so in the future. You may wish to consult with legal counsel in order to be fully advised of your rights and responsibilities regarding filing or not filing a complaint with the KHRC in this matter.

Sincerely,

*Bobbie Hunziker* (sgt)
Bobbie Hunziker
Intake Specialist

rpt.eeoc

# NOTICE OF APPEAL

**PLAINTIFF;ANTHONY KENNEY   RE;06-5194 AND 06-CV-132-P
GEN DEL TULSA OK 74103
V
DEFENDAINTS;NKC INC &BETH GREEN**


**PLAINTIFF FILES CIRCUMSTANTIAL AND INFERIOR OF DUE PROCESS OF LAW THAT THE NCK INC AND BETH GREEN CASE WAS FILED TO THE EEOC WHO TRIED TO FILE MEDEATION WITH THE NKC INC WHO NEVER STILL GOT A RESPONSE FROM ABOUT THIS SINCE!APPEALING TO THE NOTHERN DISTRICT COURT OF TULSA OKLAHOMA STATES THEY WOULD NOT RULE OVER TENNESSEE,STILL NOW DECLINEING FROM 10TH CIRCUIT OF APPEAL COURT DENVER COLORADO PLAINTIFF WOULD LIKE TO FILE ARBITRATION TO THE AAA ARBITRATION ASSOCIATIONS 600 B STREET SUITE 1450 SAN DIEGO CA 92101-4586  619-2393051  FAX  619-2393807 <u>ANDERSONS@ADR.ORG</u> FOR SETTLMENT BEING TITILE 1964 CIVIL RIGHTS WAGNOR EMPLOYEE HISTORY ACT TO PUBLIC CAREER AND ORAL ARGUMENTS ADMENDMENTS TO THE CONSTITUTIONALISM(MURRAY V CURLETT CODE 1987 ANNOTATED 21-4-309 EMPLOYYEES REEMPLOYMENT RIGHTS AND 11-3-401 PREVENTION OF LAWFULL EMPLOYMENT 1943 ACT SINCE 1988 CONTRACEPTION.**

of NKC. The record contains no right-to-sue notice from the EEOC or any other information regarding the status of its investigation.

The venue provision of Title VII states in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). This specific venue provision, and not general venue provisions, applies to Title VII claims. *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). Sua sponte dismissal for improper venue is appropriate "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

The allegations of the complaint suggest that Tennessee is the sole proper venue, and no allegation in the complaint would support venue in Oklahoma. Moreover, although the district court stated that "[t]he events giving rise to Plaintiff's claim occurred in Tennessee, and the Court doubts whether it could properly exercise jurisdiction over [NKC]," Mr. Kenney makes no effort on

F I L E D
United States Court of Appeals
Tenth Circuit

December 12, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANTHONY C. KENNEY,

    Plaintiff - Appellant,

v.

NKC OF AMERICA; BETH GREEN,

    Defendants - Appellees.

No. 06-5194

(N. D. Oklahoma)

(D.C. No. 06-CV-132-P)

---

ORDER AND JUDGMENT*

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Anthony C. Kenney appeals from the district court's order dismissing his pro se complaint because it is frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Because Mr. Kenney brought his action in the wrong venue, we affirm.

---

*After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We construe pro se pleadings liberally. *See French v. Adams Cty. Detention Ctr.*, 379 F.3d 1158, 1159 (10th Cir. 2004). Mr. Kenney, proceeding *in forma pauperis*, brought suit against NKC of America, Inc. in the United States District Court for the Northern District of Oklahoma. (The address for NKC stated in the complaint is in Memphis, Tennessee.) He alleged that NKC denied him a position as a combination welder and that this denial constituted racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. (In his appeal brief Mr. Kenney also seems to assert claims under the "Wagner Act" and the "Fair Labor Standards Act." We assume that he is referring to the National Labor Relations Act, 29 U.S.C. §§ 151–169, (sometimes called the "Wagner Act," *see Int'l Ass'n of Machinists v. BF Goodrich*, 387 F.3d 1046, 1048 n.4 (9th Cir. 2004)), and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219. Neither claim was raised below, so we decline to consider them for the first time on appeal. *See Utah Shared Access Alliance v. Carpenter*, 463 F.3d 1125, 1134 n.3 (10th Cir. 2006).)

According to his complaint, Mr. Kenney had apparently taken a "Class A" welder test in an attempt to obtain the welding position, and was falsely told that he did not pass. He allegedly had already been a "Class A" certified welder for many years. After NKC denied him employment, Mr. Kenney filed a complaint with the Equal Employment Opportunity Commission (EEOC). On the EEOC complaint he indicated that Memphis, Tennessee, was his home and the location