FILED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY C. KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NKC OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

Civil Action No.    07 0293

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.   The case will be transferred to the  United States District Court for the Western District of Tennessee for the following reasons.

Plaintiff, a resident of Oklahoma, alleges that he was applied for a position as a Combination Welder at NKC of America in Memphis, Tennessee.  Defendant falsely told plaintiff that he had no passed the "Class A" welder's test.  Plaintiff alleges that the refusal to hire him was based on racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

A plaintiff may bring a Title VII action in (1) any judicial district in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) if the employer is not found within any such district, such an action may be brought within the judicial district in which the employer has his principal office. *Archuleta v. Sullivan*, 725 F.Supp. 602, 604 (D.D.C. 1989); 42 U.S.C. § 2000e-5(f)(3).  This statutory scheme indicates that

Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 271, 277 (D.D.C. 2002).

The alleged employment action at issue here occurred in Tennessee. None of the events alleged in the complaint occurred in this District. Therefore, venue is improper here.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in Memphis, Tennessee. The cause of action arose in that jurisdiction. The relevant witnesses and documents are located there. Therefore, in the interests of justice, it is

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Western District of Tennessee. Whether plaintiff should be permitted to proceed *in forma pauperis* is a matter to be addressed by the transferee court.

_____
United States District Judge

DATE: